UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

DOM WADHWA,                    :
                              :      HONORABLE JOSEPH E. IRENAS
          Plaintiff,          :   CIVIL ACTION NO. 06-4362 (JEI/AMD)
                              :
     v.                       :
                              :            **OPINION**
DEPARTMENT OF VETERANS        :
AFFAIRS,                      :
                              :
          Defendant.          :


**APPEARANCES:**

DOM WADHWA, *pro se*
215 E. Camden Ave, H-13
Moorestown, New Jersey 08057

PAUL J. FISHMAN, UNITED STATES ATTORNEY
By: Susan Handler-Menahem, Assistant United States Attorney
970 Broad Street, Suite 700
Newark, New Jersey 07102
          Counsel for Defendant


**IRENAS**, Senior District Judge:

     This is a FOIA / Privacy Act case.  After reviewing the
Defendant's, the Department of Veterans Affairs' ("the VA"),
*Vaughn* index and reviewing *in camera* unredacted copies of the
documents at issue, the Court ordered the VA to produce to
Plaintiff certain documents in unredacted form.  The VA presently
asks this Court to reconsider its ruling, primarily with respect
to one particular document that the VA asserts is protected from
disclosure by FOIA Exemption 6.  For the reasons set forth
herein, the VA's Motion will be granted.

**I.**

Plaintiff, Dr. Wadhwa, is a medical doctor employed by Defendant, the VA.  The document at issue in this instant motion is a medical chart belonging to one of Dr. Wadhwa's patients, whom he treated at the VA Medical Center.  The VA has already produced the document with relatively limited redactions; it only objects to producing an unredacted version to Dr. Wadhwa.

This Court previously held that the patient's privacy was not invaded by disclosure to Dr. Wadhwa because Dr. Wadhwa himself created the document as the patient's treating physician.[1]  Accordingly, the Court ordered the VA to produce the medical chart in unredacted form, and granted summary judgment to Plaintiff in that regard.

The Court also ordered the VA to produce unredacted copies of other documents, which the VA claims it only possesses in redacted form.

The VA presently moves to alter the judgment entered in favor of Dr. Wadhwa.

---

[1]  One might logically question why Plaintiff seeks disclosure of information he presumably already knows or to which he presumably has independent access. (Plaintiff is still employed by the VA.  It seems likely that he has access to his own patients' medical charts.)  Unfortunately, Plaintiff, who is proceeding *pro se*, provides no answer to this question.

## II.

Federal Rule of Civil Procedure 59(e) "permits a court to alter or amend a judgment, but it may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 582 n.5 (2008). "A proper Rule 59(e) motion therefore must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct clear error of law or prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (quoting *North River Ins. Co v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

## III.

The Court first considers the VA's argument with respect to redactions of the medical chart pursuant to Exemption 6 and then considers the VA's argument that it cannot produce unredacted copies of documents which only exist in redacted form.

### A.

The government may withhold "personnel and medical files and similar files the disclosure of which would constitute a clearly unwarranted invasion of personal privacy." 5 U.S.C. § 552(b)(6). The parties do not dispute that the patient's medical chart at

3

issue is a "medical file" under the Act.  Thus, the only question to be decided is whether disclosure of the medical file is a "clearly unwarranted invasion of [the patient's] personal privacy."  Id.  In making that determination, the Court "must balance the public interest in disclosure against the interest Congress intended the exemption to protect."  *U.S. Dept. of Defense v. Federal Labor Relations Authority*, 510 U.S. 487, 495 (1994) (internal citation and quotation omitted).

In this case, as in all Exemption 6 cases, "the only relevant public interest in disclosure to be weighed . . . is the extent to which disclosure would serve the core purpose of FOIA, which is contributing significantly to public understanding of the operations or activities of the government."  *Federal Labor Relations Authority*, 510 U.S. at 495 (internal citations and quotations omitted).  The Court agrees with the VA that disclosure of the redacted portions of the medical chart[2] would not contribute at all the public understanding of the operations or activities of the government.

In its previous decision, this Court never reached the issue of whether disclosure would contribute to public understanding of the activities of the government because it concluded that the patient's personal privacy simply was not invaded by disclosure

---

[2]  The redacted portions reference a particular medical condition of the patient and the patient's name.

to the patient's treating physician, who created the document sought to be disclosed.  This Court held that absent an invasion of privacy, Exemption 6 did not apply.

However, after reconsidering the issue, the Court concludes that it erred in concluding that the patient had no privacy interest whatsoever in protecting the redacted information from disclosure to Dr. Wadhwa.  The Court disagrees with the VA's contention that Dr. Wadhwa's identity, or the relationship between the patient and Dr. Wadhwa, is irrelevant to the privacy interest inquiry.  The Court believes those factors are directly relevant to determining the extent of the privacy invasion.[3]  The undisputed facts that Dr. Wadhwa created the very information sought to be disclosed and, more importantly, that he has an independent duty, as the patient's doctor, not to disclose that information to the public, renders *de minimis* the extent of the privacy invasion.  But critically, the Court finds the extent of the invasion to be *de minimis*, not zero.  The Court believes it previously erred by concluding that disclosure to Dr. Wadhwa was not an privacy invasion at all.

Balancing the *de minimis* invasion (rather than no invasion) of privacy against the entirely absent public interest in

---

[3]  *See generally Manna v. United States Dep't of Justice*, 51 F.3d 1158, 1166 (3d Cir. 1995) (finding the FOIA requester's identity "highly material" in determining the extent of the privacy invasion).

5

disclosure, the scale tips ever so slightly in favor of withholding the redacted material. *See Nat'l Ass'n of Retired Fed. Employees v. Horner*, 879 F.2d 873, 879 (D.C. Cir. 1989) ("We have been shown no public interest in . . . disclosure . . . . We need not linger over the balance; something, even a modest privacy interest, outweighs nothing every time.").[4]  For this reason, the Court will grant the VA's Motion to Alter the Judgment with respect to the document at issue.  The VA will not be required to produce an unredacted copy of the medical chart.

## B.

Lastly, the VA contends that certain documents that this Court ordered unredacted contain redactions in the original copies.  The VA asserts that it cannot produce that which it never had.  The Court agrees.  FOIA is a disclosure statute, it does not require the government to create information in the first instance.  *See Forsham v. Harris*, 445 U.S. 169, 182 (1980); *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 161 (1975). Accordingly, the VA's Motion with respect to pages 178 and 185 of

---

[4]  Cert. denied by 494 U.S. 1078 (1990); *see also Berger v. IRS,* 288 F. App'x 829, 833 (3d Cir. 2008) ("Williams's privacy interest in her time records, even if slight, outweighs this weak public interest in their disclosure, and disclosure would be an unwarranted invasion of personal privacy.").

the VA's production will be granted.[5]

## IV.

For the above-stated reasons, the Court will grant the VA's Motion to Alter the Judgment.  An appropriate Order accompanies this Opinion.

Dated: March 11, 2011                    s/ Joseph E. Irenas
                                         Joseph E. Irenas, S.U.S.D.J.

---

[5]   The VA also argues that the Court ordered un-redacting of a particular page that contained no redactions.  A sensible reading of the record reveals, however, that the court referred to a multi-page document using a Bates range; and ordered the *document* un-redacted.  Obviously, if only some of the pages within the document contain redactions, only those pages require un-redacting.  The Court never ordered the impossible, i.e., un-redacting a page that never had redactions in the first place.